# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## CENTRAL DIVISION

**UNITED STATES OF AMERICA**

v.                                      No. 4:14CR00134-01-JM

**GAUDENCIO ESPINOZA**

## ORDER

Defendant's Motion to Reduce Sentence (Doc. No. 73) is DENIED.

Applying retroactive Guidelines Amendment 821 does not change Defendant's criminal history category. Regarding "status points," his criminal history score goes from 11 to 10, but his criminal history category remains V.[1] The zero-history score reduction does not apply because his score is 10 not 0.

Additionally, Defendant's plea agreement "waive[d] the right to have the sentence modified pursuant to Title 18, United States Code, Section 3582(c)(2) . . . ."[2] Because Defendant knowingly and voluntarily entered into his plea agreement, including this waiver, he is not entitled to relief.[3]

IT IS SO ORDERED this 31st day of May, 2024

_____
UNITED STATES DISTRICT JUDGE

---

[1] *See* U.S.S.G 1.10(a)(2) ("Exclusions.—A reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. § 3582(c)(2) if— . . . an amendment listed in subsection (d) does not have the effect of lowering the defendant's applicable guideline range.").

[2] Doc. No. 31.

[3] *United States v. Cowan*, 781 F. App'x 571 (8th Cir. 2019) (affirming dismissal of a § 3582 (c)(2) motion when the record establish that the defendant knowingly and voluntarily entered the plea agreement).